Curia, per Evans, J.
When we consider the facts of this case, it cannot but strike every one that the damages are very high, and disproportioned to the offence. The defendant and the witnesses were returning in the evening fro'm Sullivan’s Island, where a very close and exciting election had just terminated, for Intendant of Moul- *357 trieville. The excitement growing out of the occasion, had not had time to subside. The words were uttered but once, and there was no evidence of "any malice, except what the law implies from the falsehood of the charge. By becoming a candidate for office, the plaintiff invited a full, but fair discussion of his merit and qualifications ; but it gave no license to speak of him anything but the truth. But on such occasions, men’s minds are liable to become excited; and human laws must be framed and administered, to some extent, with reference to man as he is ; and so long as he remains the same compound of reason and passion, some indulgence must be extended to his infirmities. Both, in common sense and in law, there is a great difference between words spoken on a sudden occasion, under the influence of excited feelings, and words spoken deliberately and with a malicious design to destroy the character of another. Even in the highest crime, (murder) some allowance is made for the influence of passion on human conduct. The object of an action for slander, where no special damage has been sustained, is to vindicate the-plaintiff’s character from the false charge made against him, and to punish the defendant for his malice. The first is accomplished by a reasonable amount of damages, and the latter by what is usually called vindictive damages, which are very proper where the defendant has been actuated by malice. In this case, the facts do not shew any particular malice or ill feeling entertained by the defendant towards the plaintiff, and the case is so unlike those in which high damages have been usually given, that I have some fears the jury were not fully instructed, or did not comprehend the views which I have herein expressed of the difference between actual malice, and malice implied by law. I know the general rule is, that in cases sounding in damages merely, the court will not grant a new trial; authority enough can be found to that effect. But even on that subject, the jury must not be allowed to exercise despotic power ; they partake of the infirmity of our nature, and sometimes so far exceed the bounds of sober judgment, that it becomes the duty of the court to interfere, by ordering a new trial.
*358 Such cases have rarely occurred. I thought the case of Dawson vs. Dawson, heard in the Court of Appeals, at January Term, 1836, was a proper case for a new trial for excessive damages. If my recollection be correct, the case went off on an equal division of the court, then consisting of all the Law Judges and the Chancellors. I do not mean to say that this is such a case, if a new trial depended solely on the excess of damages ; but the defendant’s first ground is entitled to consideration. The party were returning from an election. One side elated by success, and the other cast down, perhaps a little mortified, by defeat. The words were uttered but once; the conversation could have occupied but a very short time ; two or three years elapsed between the speaking of the words and the trial. During that time, nothing seems to have occurred to'impress the facts on the memory of the witnesses, and Mr. Kinlock said he had not thought of the occurrence until he received a subpoena to attend court. Only three witnesses were examined ; two of them, Kin-loch and Truesdell, say that the defendant said the plaintiff was a calf thief, but they do not agree in their recollections of what preceded and followed these words. Mills says that the words were, that the plaintiff “ had been indicted for a calf thief.” Here are two witnesses to one, and all, I presume, of equal respectability; but as they do not agree about the collateral facts, they may be mistaken as to' the precise words that were spoken. Truesdell’s question “ has he been convicted V’ would be much more likely to be asked, if the charge was that he had been indicted, than if Wilkes had said he was a calf thief. Taking the whole case together, I agree with my brethren, that it is a fit case to be examined by another jury, and the motion for a new trial is granted.
Richardson, O’Neall, Butler and Wardlaw, JJ. concurred.